IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiffs, | **8:12CR301** |
| vs. | |
| MARIA ELANA TERRAZAS, | **MEMORANDUM AND ORDER** |
| Defendant. | |

This matter is before the Court on the request of the defendant seeking compassionate release. Filing Nos. 115 and 118. The defendant seeks a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(1)(A) as amended by Section 603 of the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194 (2018). The Court requested that the United States Probation Office review the plan of home detention, file an investigative report and prison medical records. The Court requested that the government file a brief responsive to the motion for compassionate release, and the Court appointed the public defender's office to represent Ms. Terrazas. Filing No. 116. Initially, Terrazas was unable to find an acceptable place for home confinement. The Court gave her 30 days to find an alternative release plan. Filing No. 121. She has done so. The probation office has filed the investigation report indicating that the suggested home confinement is acceptable, if the Court chooses to grant the motion for compassionate release. Filing Nos. 120 and 126.

1

Ms. Terrazas was sentenced on June 27, 2013, to 156 months for Conspiracy to Distribute 500 Grams or More Methamphetamine Mix in violation of 21 U.S.C. § 846 and 21 U.S.C. § 841(b)(1)(A). On September 13, 2017, Ms. Terrazas's sentence was reduced to 151 months, pursuant to 18 U.S.C. 3582(c)(2). The enhancements and reduction resulted in a Total Offense Level of 35. Ms. Terrazas has a criminal history category II. Terrazas has the following convictions: unauthorized use of motor vehicle and possession with intent to distribute cocaine. The Court imposed a sentence below the advisory guideline range due to 18 U.S.C. 3553(a) factors. She has served approximately 75% of her term of imprisonment and has been deemed a minimum recidivism risk level. Filing No. 115-1 at 2.

**DISCUSSION**

The First Step Act amended numerous provisions of the U.S. Code to promote rehabilitation of prisoners and unwind decades of mass incarceration. Cong. Research Serv., R45558, The First Step Act of 2018: An Overview 1 (2019). Congress designed the provision at issue here, 18 U.S.C. § 3582(c)(1)(A), for "Increasing the Use and Transparency of Compassionate Release." § 603(b), 132 Stat. at 5239. Section 3582(c)(1)(A) allows defendants, for the first time, to petition district courts directly for compassionate release. *Id.* Compassionate release provides a path for defendants with "extraordinary and compelling reasons" to leave prison early. § 3582(c)(1)(A)(i). Such a sentence reduction must comply with the 18 U.S.C. § 3553(a) factors and "applicable policy statements issued by the Sentencing Commission." § 3582(c)(1)(A).

Pursuant to § 3582(c)(1)(A), a defendant may (after exhausting his or her administrative remedies) move for reduction of his or her term of imprisonment based

2

upon "extraordinary and compelling reasons."  The Court, after considering the factors enumerated in 18 U.S.C. § 3553(a)[1], may grant the motion if extraordinary and compelling reasons warrant the reduction, and such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.[2] Accordingly, an initial review of the defendant's claim will involve these inquiries:

1. Has the defendant exhausted administrative remedies?

2. Has the defendant identified extraordinary and compelling reasons for reducing his or her term of imprisonment?

3. Would application of the § 3553(a) factors permit reducing the defendant's sentence if those extraordinary and compelling reasons were substantiated?

4. Ensure that any reduction is consistent with applicable policy statements.

18 U.S.C. § 3582(c)(1)(A).

Already "tinderboxes for infectious disease," prisons now are even more dangerous than we typically accept. *United States v. Rodriguez,* No. 2:03-CR-00271-AB-1, 2020 WL 1627331, at *1 (E.D. Pa. Apr. 1, 2020).  The Attorney General has

---

[1] The statute states: (1) in any case--
(A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that--
(i) extraordinary and compelling reasons warrant such a reduction; . . .
***** and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.
18 U.S.C. § 3582(c)(1)(A).

directed the BOP to consider increased use of home confinement for at-risk inmates. Memorandum from U.S. Att'y Gen. William Barr to Dir. of Bureau of Prisons (Mar. 26, 2020).

### A. Exhaustion

The Court finds that the defendant has met the exhaustion requirement. *See United States v. Brown*, 2020 WL 2091802, at *5 (S.D. Ia. Apr. 29, 2020) ("Defendant satisfied the exhaustion requirement's text and purpose [when] [h]e gave the BOP the first chance to review his circumstances and let thirty days pass before proceeding to court."). Ms. Terrazas filed such a request with the BOP and 30 days have elapsed.

### B. Medical Vulnerability

Next, the Court finds that defendant's physical and medical vulnerability to COVID-19 are extraordinary and compelling reason for a change in defendant's sentence.[2] *See* e.g., U.S.S.G. § 1B1.13 comment. n.1(A)-(C). As Judge Gerrard observed in *Jenkins,* there is currently "no 'applicable' policy statement cabining the Court's discretion to act under § 3582(c)(1)(A)." *United States v. Jenkins*, 2020 WL 2814437, at *3 (D. Neb. May 26, 2020); *see also United States v. Redd*, 2020 WL 1248493, at *5 ( E.D. Va. March 16, 2020) ("there does not currently exist, for the purposes of satisfying the First Step Act's 'consistency' requirement, an 'applicable policy statement.'"); *United States v. Brown*, 411 F. Supp. 3d 446, 449 (S.D. Iowa 2019) (canvassing cases and holding that courts, rather than the outdated policy statements, should determine whether a defendant qualifies for compassionate release); *United States v. Beck*, 425 F. Supp.2d 573, 579 (M.D.N.C. June 28, 2019) ("While the old policy

---

[2] *See* defendant's medical records at Filing No. 120-1.

statement provides helpful guidance, it does not constrain the Court's independent assessment of whether 'extraordinary and compelling reasons' warrant a sentence reduction under § 3582(c)(1)(A)(i).").

COVID-19 is clearly a global pandemic that presents extraordinary and compelling release for certain prisoners. It is unprecedented. COVID-19 appears to pose a particular risk for individuals with certain existing health conditions. These include a compromised immune system, obesity, heart disease, hypertension, chronic lung disease, diabetes mellitus, and asthma. Groups at Higher Risk for Severe Illness, Ctrs. for Disease Control & Prevention (April 17, 2020), https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/groups-at-higher-risk.html.

Ms. Terrazas reported she was diagnosed with situational depression, anxiety, and post-traumatic stress disorder (PTSD). The Presentence Report indicates Ms. Terrazas suffers from post-traumatic stress disorder after being the victim of a violent sexual assault. She has taken Buspar since 2012. She has a history of drug use. She completed a residential treatment program at Catholic Charities in Omaha, Nebraska, on January 10, 2000, and she also completed a residential treatment program at Santa Monica in Lincoln, Nebraska, on January 2, 2013. She suffers from hypertension and anemia and takes medication for both. She currently has deformities in her toes of both feet. Previously, she suffered from skin squamous cell carcinoma, which was removed during surgery in 2010. She has a small mass on her posterior head and two small masses on the occipital area. She was referred to general surgery for a consult in October of 2019, but there are no notes regarding the same. Her mother indicates that she did

have these surgically removed. She also indicates that she is obese with a BMI above 30.

Ms. Terrazas is currently in custody at Victorville Medium II FCI (Victorville, CA). This is a medium security federal correctional institution with an adjacent minimum-security camp. According to the BOP website, https://www.bop.gov/coronavirus/ as of December 7, 2020, Victorville Medium II FCI has sixteen (16) active inmate positive tests for COVID-19, and ten 10 active staff positive tests. They have had no inmate or staff deaths as a result of COVID-19. They have had 80 inmates and 25 staff recover from a positive test for COVID-19.

The Court finds that the combination of obesity, high blood pressure, and the combination of her other health issues make her medical issues extraordinary and compelling.

### C. Section 3553(a) Factors

Finally, the Court must consider if compassionate release comports with any applicable § 3553(a) factors. *See also* § 3582(c)(1)(A). When reviewing the § 3553(a) relevant factors, the balance of those factors supports a sentence of home confinement.

The government argues that there are not extraordinary and compelling reasons to reduce Ms. Terrazas sentence. Further, the government argues that Ms. Terrazas is not suffering any kind of medical condition and that she is a danger to the community, as she was involved in a large-scale methamphetamine conspiracy. While not charged with a gun, she was in possession of one.

The Court has already established that Terrazas's health conditions place her at heightened risk for severe illness from COVID-19. Ms. Terrazas is 46 years old. As

stated in the investigative report, she has completed numerous training courses and has no disciplinary infractions. Ms. Terrazas has completed several education-related courses (such as UNICOR Apprentice Program, commercial driver's license, personal wellness, and narcotics anonymous) during her incarceration. She has a minimal criminal record, although one is a drug conviction. She has completed 75% of her actual sentence on the 151-month sentence. From all appearances, she has been a model prisoner and worker while in prison. The Court does not believe she is a danger to the community.

Ms. Terrazas appears to have an acceptable place of home confinement. She would stay with her mother. The probation officer conducted an in-home inspection and believes the proposed release plan and residence is acceptable.

For all the reasons stated herein, the Court finds that Ms. Terrazas should be released to live with her mother.

THEREFORE, IT IS ORDERED THAT for the reasons stated herein, defendant's Motion for Compassionate release, Filing Nos. 115 and 118, is granted. Defendant is ordered to be **released** by the Bureau of Prisons on or before **March 18, 2021**. She shall abide by all terms of her supervised release. She shall immediately upon her release report to the United States Probation Office in Omaha, Nebraska.

Dated this 3rd day of March, 2021.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge